09-2788-ag
Mansurov v. Holder

BIA
Weisel, IJ
A097 520 186

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand ten.

PRESENT:
          JOHN M. WALKER, JR.,
          BARRINGTON D. PARKER,
          REENA RAGGI,
                    *Circuit Judges.*

_____

ILKHANBEK KHAKIMOVICH MANSUROV,
          *Petitioner*,

          v.                                    09-2788-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent*.

_____

FOR PETITIONER:          Alexander J. Segal, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ilkhanbek Khakimovich Mansurov, a native and citizen of Uzbekistan, seeks review of a June 4, 2009, order of the BIA affirming the July 11, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ilkhanbek Khakimovich Mansurov*, No. A097 520 186 (B.I.A. June 4, 2009), *aff'g* No. A097 520 186 (Immig. Ct. N.Y. City July 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. In finding Mansurov not credible, the IJ relied on several inconsistencies between his testimony and his written application, specifically: (1) his statement in his affidavits that he worshiped at a mosque five time a day contradicted his testimony that he worshiped there once a week; (2) Mansurov gave substantially inconsistent dates regarding when he was arrested, detained for three days, and beaten to the point of hospitalization by Uzbek police; and (3) his statement in his affidavits that in September 2002, he was detained for two days and tortured contradicted his testimony that he was detained for only three or four hours and was not beaten. Each of these inconsistencies was a

3

valid basis for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, to the extent Mansurov offered explanations, no reasonable factfinder would have been compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Finally, contrary to Mansurov's argument, the record does not compel the conclusion that the agency failed to consider any of the evidence Mansurov submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Ultimately, because no reasonable fact-finder would be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. Thus, the agency properly denied Mansurov's application for withholding of removal and CAT relief because both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5